UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AZIZ SALAAM,<br><br>                                    Plaintiff,<br><br>-against-<br><br>CITY OF NEW YORK; ERIC ADAMS, Mayor; NEW YORK CITY DEPT. OF CORRECTIONS; WARDEN, Eric M. Taylor Center; COMMISSIONER, New York City Dept. of Correction Services,<br><br>                                    Defendants. | 1:23-CV-8228 (LTS)<br><br>ORDER TO AMEND |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Aziz Salaam, who is currently held in the West Facility on Rikers Island, filed this *pro se* action seeking damages and injunctive relief.[1] He sues the following defendants: (1) the City of New York; (2) Eric Adams, the Mayor of the City of New York; (3) the New York City Department of Correction ("DOC"); (4) the Warden of the Eric M. Taylor Center ("EMTC"); and (5) the Commissioner of the DOC. Plaintiff asserts that the defendants have violated his federal constitutional rights. The Court construes Plaintiff's complaint as asserting claims under 42 U.S.C.§ 1983 as well as under state law.

By order dated September 19, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[2] For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

---

[1] Plaintiff filed his complaint while he was held in the Eric M. Taylor Center on Rikers Island.

[2] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

**STANDARD OF REVIEW**

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After

separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

Plaintiff alleges that the events that are the bases for his claims began while he was held in EMTC, on July 10, 2023, and have continued since. He also alleges the following:

> I have been requesting legal services and access to the law library to research my cases for over 30 days. I have made written [and] verbal [requests] and have made requests via Correction[] Captains, and various officers. [The DOC] is equip[ped] with secur[e] tablets[,] however, I have yet to receive a tablet after 30 days to do legal research, legal brief filing and legal updates. I have filed grievances and complained to the area supervisors to be told that "that is out of my hands."

(ECF 1, at 5.)

He asserts the following in the injuries section of his complaint: "I have not had the proper utilities or faculties available to me to get a proper sentence or disposition of my legal cases. I have incurred undue hardship and have been denied complete access to the courts." (*Id.* at 6.)

Plaintiff seeks a total of $200,000 in damages and an order directing the defendants "to . . . provide[] [him] with a secure[] tablet and complete full access to the law library." (*Id.*)

## DISCUSSION

**A.      Claims against the DOC and the City of New York**

Plaintiff brings claims against the DOC; as an agency of the City of New York, however, the DOC is not a separate entity that can be sued. N.Y. City Charter ch. 17, § 396 ("All actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City*

3

*of New York*, 740 F. Supp. 2d 385, 395 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency."). The Court therefore dismisses Plaintiff's claims against the DOC for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff also fails to state a claim under 42 U.S.C. § 1983 against the City of New York. When a plaintiff sues a municipality, such as the City of New York, under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978))); *Cash v. Cnty. of Erie*, 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a claim under Section 1983 against a municipality, the plaintiff must allege facts showing: (1) the existence of a municipal policy, custom, or practice; and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *see Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403 (1997) (internal citations omitted).

It is unclear from Plaintiff's complaint whether a policy, custom, or practice of the City of New York, including any alleged DOC policy disallowing Plaintiff access to a secure tablet or to a DOC facility law library, caused a violation of his federal constitutional rights. Thus, Plaintiff fails to state a claim under Section 1983 against the City of New York. In light of Plaintiff's *pro*

*se* status, however, the Court grants Plaintiff leave to file an amended complaint in which he alleges facts sufficient to state a claim under Section 1983 against the City of New York.

**B.      Claims against individuals**

To state a claim under Section 1983 against individuals, a plaintiff must allege facts showing that those individuals were directly and personally involved in an alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." (internal quotation marks omitted)). A defendant may not be held liable under Section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Iqbal*, 556 U.S. at 676 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official[.]" *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff names individuals as defendants, but alleges no facts about how any of them was directly and personally involved in violations of his federal constitutional rights. In light of Plaintiff's *pro se* status, the Court grants Plaintiff leave to file an amended complaint in which he names individuals who were directly and personally involved with the alleged violations of his federal constitutional rights as defendants, and alleges facts showing those defendants' direct and personal involvement.[3]

---

[3] Instructions as to how to name unidentified "John Doe" or "Jane Doe" defendants can be found in the "Leave to Amend" section of this order.

**C.      Claims involving Plaintiff's access to the courts**

The Court liberally construes Plaintiff's allegations as asserting claims, under Section 1983, that DOC officials, including individual EMTC staff members, have denied Plaintiff access to the courts by denying him access to a secure tablet and to a law library. These types of claims are grounded in a prisoner's First Amendment rights to "adequate, effective and meaningful" access to the courts. *Bounds v. Smith*, 430 U.S. 817, 822 (1977), *abrogated on other grounds*, *Lewis v. Casey*, 518 U.S. 343 (1996); *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003). Prisoners have a "constitutional right of access to the courts [that] gives rise to a number of derivative rights, including the right to access legal materials to prepare a case, and the right of indigent inmates to be provided with paper and pens to draft legal documents and stamps to mail them." *Collins v. Goord*, 581 F. Supp. 2d 563, 573 (S.D.N.Y. 2008) (citing *Bounds*, 430 U.S. at 824-28). Protecting these rights "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bourdon v. Loughren*, 386 F.3d 88, 92 (2d Cir. 2004) (quoting *Bounds*, 430 U.S. at 828 (internal quotation marks omitted)). Assistance from prison authorities, however, is "only [a] means for ensuring a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Casey*, 518 U.S. at 351 (internal quotation marks and citation omitted).

To state a claim of denial of access to the courts, a plaintiff must allege facts showing that: "the defendant took or was responsible for actions that hindered [a plaintiff's] efforts to pursue a legal claim." *Davis*, 320 F.3d at 351 (2d Cir. 2003) (internal quotation marks and citation omitted, alteration in original); *see Christopher v. Harbury*, 536 U.S. 403, 415 (2002). A plaintiff must show actual injury with regard to his legal claim – "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a

6

claim." *Casey*, 518 U.S. at 348 (internal quotation marks and citation omitted). To demonstrate actual injury, a plaintiff must allege: (1) a valid underlying cause of action separate from the access-to-the-courts claim; and (2) frustration or hindrance of the litigation caused by the defendant's actions. *See Harbury*, 536 U.S. at 415. A "delay in being able to work on one's legal action or communicate with the courts does not rise to the level of a constitutional violation." *Jermosen v. Coughlin*, 877 F. Supp. 864, 871 (S.D.N.Y. 1995) (citing *Jones v. Smith*, 784 F.2d 149, 151-52 (2d Cir. 1986)). Furthermore, when a prisoner with appointed counsel claims that prison officials hindered his efforts to defend himself or pursue other legal claims, "he must show that, on the facts of his case, the provision of counsel did not furnish him with the capability of bringing his challenges before the courts." *Bourdon*, 386 F.3d at 98.

Here, Plaintiff may be implying that his criminal defense or his efforts to appeal his conviction, or both, have been hindered as a result of alleged interference by DOC officials, including members of the EMTC staff. Plaintiff does not, however, allege any facts suggesting that he is pursuing a "'nonfrivolous,' 'arguable' underlying claim," which has been hampered as a result of delays or from being denied access to a secure tablet or to a law library. *Harbury*, 536 U.S. at 415. Furthermore, to the extent that Plaintiff is represented by counsel in his criminal proceedings or in any postconviction matter, he does not allege facts showing why his counsel was unable to assert his legal claims on his behalf. *See Bourdon*, 386 F.3d at 98. Because Plaintiff does not allege the existence of a valid nonfrivolous underlying cause of action, and he does not explain why his attorney could not press his argument for exoneration in his criminal case or postconviction proceedings, he fails to state an access-to-the-courts claim under the First Amendment.

The Court grants Plaintiff leave to file an amended complaint naming as defendants the individual DOC officials, including any members of the EMTC staff, whom he alleges violated his rights, and alleging additional facts to state a claim against those individuals under Section 1983 with respect to the denial of his right to access to the courts under the First Amendment. For such a claim, Plaintiff must allege facts suggesting that he was hindered from pursuing an arguably meritorious legal claim for which he is not represented by counsel.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. Federal district courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the United States Court of Appeals for the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claim under Section 1983, the Court grants Plaintiff 60 days' leave to amend his complaint to detail his claims.

Plaintiff is granted leave to amend his complaint to provide more facts about his claims. First, Plaintiff must name as the defendant(s) in the caption[4] and in the statement of claim those individuals who were allegedly involved in the deprivation of his federal rights. If Plaintiff does

---

[4] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all defendants, he should write "see attached list" on the first page of the amended complaint. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[5] The naming of "John Doe" or "Jane Doe" defendants, however, does *not* toll the three-year statute of limitations period governing Plaintiff's claims under Section 1983, and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" or "Jane Doe" defendants and amending his complaint to include the identity of any "John Doe" or "Jane Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, he must provide it. Plaintiff should include all of the information in the amended complaint that he wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

---

[5] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty on August 31, 2023, at the Sullivan Correctional Facility clinic, during the 7 a.m. to 3 p.m. shift."

9

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights; how, when, and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

The Court grants Plaintiff leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 1:23-CV-8228 (LTS). An Amended Civil Rights Complaint form is attached to this order. No summonses will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the Court will issue an order dismissing this action: the Court will dismiss Plaintiff's claims under 42 U.S.C. § 1983 for failure to state a claim on which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), and will decline to consider, under its supplemental jurisdiction, Plaintiff's claims under state law, *see* 28 U.S.C. § 1367(c)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   November 6, 2023
        New York, New York

                                  /s/ Laura Taylor Swain
                                  LAURA TAYLOR SWAIN
                                  Chief United States District Judge